UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

Case No:

GREAT LAKES INSURANCE SE,

    Plaintiff,

v.

BOAT RENTAL MIAMI, INC. and
CLAUDIA BAERLIN-GALLEGOS,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

GREAT LAKES INSURANCE SE ("Great Lakes"), hereby sues the Defendants, BOAT RENTAL MIAMI, INC. ("BRM") and CLAUDIA BAERLIN-GALLEGOS ("Gallegos") (collectively, the "Defendants") (Great Lakes and Defendants collectively, the "Parties") for declaratory relief and in support thereof states as follows:

### JURISDICTION AND VENUE

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 *et seq*.

2. This is an admiralty and maritime cause within the meaning of FED. R. CIV. P. 9(h), and this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1333, as it involves a dispute regarding a maritime contract.

3. Venue is properly within the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) because both Defendants are residents of the State of Florida, because the Defendant BRM is located in Miami, Florida, and because Defendant

Gallegos is located in Miami Beach, Florida, both of which are located in this district and division thereof.

4. All conditions precedent to the filing of this action have occurred, been waived or otherwise complied with.

5. Pursuant to the requirements of 28 U.S.C. § 2201 and Article III, Section 2 of the United States Constitution, a case or controversy exists and has existed between the Parties since the beginning of this action, such that an action or declaratory judgment is ripe and appropriate.

## PARTIES

6. At all times material to this action, Great Lakes is and was a corporation organized and existing under the laws of Germany, is and was a wholly owned subsidiary of Munich Re Group, with an office and principal place of business in Munich, Germany. Plaintiff Great Lakes is and was a citizen of Germany and is registered and authorized to conduct business in London, United Kingdom.

7. At all times material to this action, Defendant BRM is and was a corporation organized under the laws of Florida with its principal place of business in Miami, Florida. Defendant BRM is and was a citizen of Florida.

8. At all times material to this action, Defendant Gallegos is and was an individual domiciled in Miami Beach, Florida. Defendant Gallegos is and was a citizen of Florida.

## FACTUAL ALLEGATIONS

9. Plaintiff Great Lakes issued a Hull and Machinery and Third Party Liability Policy to BRM, policy number CSRYP/158200-9, with effective dates of October 11, 2016 to October 11, 2017 (the "Policy"). A copy of the Policy is attached hereto as **Exhibit "A"** and is fully incorporated herein.

10. The Policy had limits of liability of $1 Million Combined Single Limit per occurrence, subject to a $2,500 deductible.

11. The Policy provided, in relevant part:

> **Coverage B, Extension to include Commercial Passenger Liability**
>
> Subject to our prior written agreement and your payment of an additional premium, we may at your request extend this insuring agreement to cover all sums which you become legally obligated to pay to fare paying passengers or passengers carried under charter as a result of your ownership or operation of the Scheduled Vessel.

12. On or about September 22, 2017, Gallegos filed a lawsuit against BRM in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, styled *Claudia Baerlin-Gallegos v. Boat Rental Miami Inc.*, Case No. 2017-022605-CA-01 (the "State Court Lawsuit"). The State Court Lawsuit remains pending before Judge Rodolfo A. Ruiz, and is set for trial on the three-week docket commencing April 15, 2019. A copy of the operative State Court Complaint is attached hereto as **Exhibit "B"**.

13. The State Court Complaint alleges that Gallegos suffered an injury "after falling while boarding the boat rented from [BRM] on July 2, 2017 at the Miamarina at Bayside." *Id.* at ¶ 9.

14. The State Court Complaint alleges that BRM "provided the boat, controlled access to the dock where the boat was moored, and provided access to the Plaintiff to the dock, and boat where she was injured." *Id.* at ¶ 10.

15. The State Court Complaint alleges that BRM "provided [Gallegos] access to the dock where the rental boat was moored so she could board the boat. There was no representative or agent of the company to assist [Gallegos] board the boat. The dock stairs and the railing moved,

were slippery, were wet, and of uneven height. [BRM] did not warn [Gallegos] that the stairs moved, were slippery, were wet, or of uneven height." *Id.* at ¶ 11.

16. The State Court Complaint alleges that "On or about July, 2017 at approximately 1:30 P.M., [Gallegos] proceeded to board the boat by way of the dock stairs. [Gallegos] struggled to keep her balance because the stairs moved with the waves without warning once she was on them. On the last step of the stairs, [Gallegos'] foot slipped on the slippery and wet surface, which caused her to break her ankle. [Gallegos] proceeded to crawl on to the boat and was not offered any assistance by [BRM]. *Id.* at ¶ 12.

17. Because the allegations of the Complaint suggested that Gallegos' injuries occurred on the BRM's vessel, Great Lakes provided BRM with a defense in the State Court Lawsuit.

18. However, at her deposition in the State Court Lawsuit, Gallegos testified that BRM's vessel was moored at the end of a dock that was attached to a seawall. *See* Clauda Baerlin-Gallegos Dep. 20:10-13, 28:20-29:3, Sept. 7, 2018, attached hereto with deposition exhibits as **Exhibit "C"**.

19. Gallegos also testified that she did *not* fall because of or onto BRM's vessel. Rather, she testified that she slipped on the stairs from the seawall to the dock. *Id.* at 24:19-24; 70:9-74:6.

20. In fact, BRM's vessel was approximately 20-25 feet away from where Gallegos fell. *Id.* at 28:20-29:3.

21. A photograph of the subject staircase on which she fell is below:



*Id.* at 74:10-20; Exh. 2, Gallegos Dep.

22. Following receipt and consideration of Gallegos' testimony, Great Lakes sent a Reservation of Rights letter to BRM advising them there may be no coverage for the loss and reserving Great Lakes' rights to withdraw its defense and deny indemnity to BRM. (Reservation of Rights to BRM, Feb. 11, 2019, **Exhibit "D"**)

23. As a result of Gallegos' deposition testimony and in furtherance of Great Lakes Reservation of Rights, Great Lakes here seeks a declaration that because there is no possibility that a judgment in Gallegos' favor could trigger Great Lakes' duty to indemnify BRM, its duty to defend is terminated.

24. Although Gallegos is not an insured under the Policy, she has been named as a defendant as an indispensable party pursuant to FED. R. CIV. P. 19.

## COUNT I – DECLARATORY JUDGMENT

25. Great Lakes reincorporates the allegations contained in paragraphs 1 through 24 as if more fully set forth at length herein.

26. Policies like the one issued by Great Lakes are not general liability policies. Rather, they only respond to claims for damages "as a result of your ownership or operation of the Scheduled Vessel." *See* Policy, p. 6, Exh. A.

27. Gallegos has admitted that her injuries were not the "result of" BRM's ownership or operation of the Scheduled Vessel. Rather, they were the result of the stairs leading down from the seawall to the dock. *Id.*

28. Great Lakes takes no position on whether this admission by Gallegos has any effect on BRM's liability or to her.

29. However, it is apparent that *any* award that might be ultimately awarded against BRM and in favor of Gallegos would not be "as a result of [BRM's] ownership or operation of the Scheduled Vessel." *Id.*

30. As a result, because there is no possibility of a covered judgment against BRM, Great Lakes seeks a declaration that it no longer has a duty to defend BRM in this lawsuit and that, consequentially, it has no duty to indemnify BRM for any damages that may be awarded in Gallegos' favor against BRM.

31. An actual, present and justiciable controversy exists between Plaintiff Great Lakes and Defendants BRM and Gallegos warranting the entry of a declaratory judgment by this Court that the Policy does not provide coverage for the State Court Lawsuit.

WHEREFORE, Plaintiff GREAT LAKES INSURANCE SE requests this Court to enter judgment in its favor, declaring that the Policy does not provide coverage for the claims asserted in the State Court Lawsuit and that Great Lakes has no duty to defend or indemnify BRM with respect to said claims. Great Lakes further requests such other relief as the Court may deem just and appropriate under the circumstances.

Dated: February 18, 2019.

                                      Respectfully submitted,

**DAVANT LAW, P.A.**
*Attorneys for Great Lakes*
401 East Las Olas Blvd, Suite 1400
Fort Lauderdale, FL  33301
Telephone: (954) 414-0400
Facsimile:  (954) 332-3301


By:/s/ *Charles S. Davant*
      Charles S. Davant
      Florida Bar No. 15178
      csd@davantlaw.com
      Aaron M. Dmiszewicki
      Florida Bar No. 111455
      amd@davantlaw.com